IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 10-cv-02023-MSK

MICHAEL D. MOEHRING,

      Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

      Applicant, Michael D. Moehring, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility in

Sterling, Colorado.  Mr. Moehring initiated this action by filing a *pro se* Application for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 23, 2010, and an Amended

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 19, 2010.

Mr. Moehring is challenging the validity of his conviction and sentence in Case No. 05CR2709,

in the El Paso County District Court.

      In an order filed on November 4, 2010, Magistrate Judge Boyd N. Boland directed

Respondents to file a pre-answer response addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.

§ 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  Respondents

submitted a pre-answer response on November 18, 2010.  Mr. Moehring filed a Reply on

December 8, 2010.

The Court must construe liberally the Amended Application filed by Mr. Moehring because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Application will be dismissed in part.

I.      Background and State Court Proceedings

On March 31, 2006, Mr. Moehring pled guilty to attempted first degree murder and a crime of violence sentence enhancer. Pre-Answer Resp. at Ex. A, p. 4. Mr. Moehring filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court on December 27, 2007. *See People v. Moehring*, No. 06CA2058 (Colo. App. Dec. 27, 2007) (unpublished opinion) (Pre-Answer Resp. at Ex. E). The Colorado Supreme Court denied certiorari review on March 24, 2008. Pre-Answer Resp. at Ex. G.

On February 2, 2009, Mr. Moehring filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), which the trial court denied on March 25, 2009. Pre-Answer Resp. at Ex. I, p. 5. Mr. Moehring filed an appeal and the Colorado Court of Appeals affirmed the trial court on April 1, 2010. *See People v. Moehring*, No. 09CA1004 (Colo. App. April 1, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. L). Mr. Moehring did not file a petition for rehearing or certiorari review and the mandate issued on June 2, 2010. Pre-Answer Resp. at Ex. M.

Mr. Moehring then filed the Application, which was received by the Court on August 16,

2010, and the Amended Application, which was received by the Court on October 19, 2010.

In the Amended Application, Mr. Moehring asserts three claims for relief as follows:

> (1) He received ineffective assistance of trial counsel because his attorney did not show him a surveillance tape of the crime scene prior to his guilty plea;

> (2) The trial court abused its discretion by denying his motion to withdraw his guilty plea;

> (3) The trial court violated the double jeopardy clause by imposing restitution twice.

II.     Statute of Limitations

Respondents first argue that this action is barred by the one-year limitation period in 28

U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the

judgment of conviction in Mr. Moehring's criminal case became final.  Because Mr. Moehring

filed a direct appeal, his conviction became final ninety days after March 24, 2008, the date the

Colorado Supreme Court denied certiorari review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Therefore,

the Court finds that Mr. Moehring's conviction became final on June 23, 2008.[1]  As such, the

one-year statute of limitations would begin to run on June 24, 2008, the next business day after

the conclusion of the time to appeal.  *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir.

2003).

The Court must next determine whether any of Mr. Moehring's state court post-

conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a

properly filed state court post-conviction motion tolls the one-year limitation period while the

motion is pending.  An application for post-conviction review is properly filed with the meaning

of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws

and

---

[1]The ninetieth day after March 24, 2008, was June 22, 2008.  However, June 22, 2008, was a
Sunday.  Therefore, the filing deadline extended until June 23, 2008.  *See* C.A.R. 26(a).

rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing
> fees; (3) the obtaining of any necessary judicial authorizations that are conditions
> precedent to filing, such as satisfying any filing preconditions that may have been
> imposed on an abusive filer; and (4) other conditions precedent that the state may
> impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law.  *See*

*Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the

time during which a state prisoner is attempting, through proper use of state court procedures, to

exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v.*

*Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a

petitioner actually appeals a denial of a post-conviction application, the limitations period is

tolled during the period in which the petitioner could have sought an appeal under state law."

*Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Moehring's state court action between June 24,

2008, and February 1, 2009.  These 223 days are credited against the one-year limitation period.

On February 2, 2009, Mr. Moehring filed a Rule 35(c) motion, which the state court denied on

March 25, 2009.  His appeal of this motion concluded on April 1, 2010, when the Colorado

Court of Appeals affirmed the trial court.  Mr. Moehring then had 46 days, or until May 17,

2010, to file a petition for rehearing or certiorari with the Colorado Supreme Court.  *See* Colo. R.

App. 41(b)(1).  Because Mr. Moehring did not file a petition for rehearing or certiorari review,

the limitations period began running again on May 18, 2010, and ran until August 16, 2010,

when his Application was filed in this Court.  These 90 days are credited against the one-year

limitation period.  Based upon the above, the Court finds that only 313 days of the 365 day

limitation period have run (223 days + 90 days = 313 days).  Accordingly, based upon this

finding, the action is timely.

III.     Exhaustion and Procedural Default

Next, Respondents concede that Claim One was exhausted in the state courts, but argue

that Claims Two and Three are unexhausted and are now procedurally defaulted.  In his Reply,

Mr. Moehring concedes that Claim Three is unexhausted, but contends that Claim Two was

fairly presented to the state courts.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be

granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*,

526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the

state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that

the federal issue be presented properly "to the highest state court, either by direct review of the

conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented

to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404

U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).

Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on

the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not

enough that all the facts necessary to support the federal claim were before the state courts."

6

Case 1:10-cv-02023-MSK   Document 18   Filed 04/06/11   USDC Colorado   Page 7 of 10

*Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. Moehring's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause for excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Claims Two and Three are unexhausted because Mr. Moehring relied only on Colorado case law when he presented these claims to the state courts. Pre-Answer Resp. at 9-13. Respondents therefore argue that Mr. Moehring failed to present these claims to the state courts as asserting a federal constitutional question. *Id.* Respondents conclude that the claims now are procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI) & (VII) the claims would be rejected as successive and an abuse of the process. *Id.*

Upon review of Mr. Moehring's opening brief on direct appeal to the Colorado Court of Appeals, the Court finds that his presentation of Claims Two and Three does not satisfy the fair presentation requirement for the simple reason that he failed to connect these issues to any claim under federal law. *See* Pre-Answer Resp. at Ex. A, p. 5-8, 10-11. He did not cite to any provision of the federal Constitution, he relied solely on Colorado state law, and he did not label the claims as "federal" claims. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Moehring therefore failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitution rights.

In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Moehring alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim. Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated. *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner

8

failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).  Moreover, the fact that Mr. Moehring specifically cited or referred to the federal Constitution or federal case law in connection with Claim One in his direct appeal further illustrates that he did not present Claims Two and Three as federal ones.  *See* Pre-Answer Resp. at Ex. A, p. 8-10.  Accordingly, the Court finds that Mr. Moehring has failed to exhaust Claims Two and Three.

Further, with limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Mr. Moehring from raising a claim in a post-conviction motion that could have been raised on direct appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).  Therefore, the Court finds that Mr. Moehring has procedurally defaulted Claims Two and Three.

Mr. Moehring also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice.  Claims Two and Three, therefore, are procedurally barred from federal habeas review and must be dismissed.  Accordingly, it is

ORDERED that Claims Two and Three are dismissed as procedurally barred.  It is

FURTHER ORDERED that **within thirty (30) days** Respondents are directed to file an

answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that **fully**

**addresses the merits of exhausted claim one**.  It is

FURTHER ORDERED that **within thirty (30) days of the filing of the answer**

Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this 6th day of April, 2011.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge